NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HENRY ALEXANDER TOWNSEND, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> TROY BOWSER, Superintendent; JOHN RUMSEY, Security; NAIMA N. CHAMBERS, STM, Lt.; CAMERON BAUER, STM; ANN AMSBERRY, Supt.; GREGORY JONES, Office of Population Management; KEVIN JACKSON, Assistant Supt. Security, <br><br> Defendants - Appellees. | No. 25-147 <br><br> D.C. No. 2:19-cv-01674-AB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Amy M. Baggio, District Judge, Presiding

Submitted July 15, 2026[**]

Before: McKEOWN, OWENS, and LEE, Circuit Judges.

Oregon state prisoner Henry Alexander Townsend appeals pro se from the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's denial of his renewed motion for judgment as a matter of law following a jury trial in his 42 U.S.C. § 1983 action alleging deliberate indifference to safety. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C § 1291, and we affirm.

The district court properly denied Townsend's renewed motion for judgment as a matter of law. A motion for judgment as a matter of law is properly granted when "the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008) (internal quotation marks and citation omitted). In making this determination, the district court "considers all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party" and "may not make any credibility determinations or reweigh the evidence." *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd.*, 762 F.3d 829, 842 (9th Cir. 2014).

A prison official violates a constitutional duty to protect a person in custody when (1) that person is subject to a "substantial risk of serious harm" that is "contrary to current standards of decency," and (2) the official "acted, subjectively, with 'deliberate indifference' to inmate health or safety." *Hampton v. California*, 83 F.4th 754, 766 (9th Cir. 2023) (cleaned up). To show the subjective component, a plaintiff must "allege that officials 'kn[ew] of and disregard[ed] an

excessive risk to inmate health or safety." *Id.* at 767 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Construing the evidence in the light most favorable to Defendants, a reasonable jury could have found that Townsend failed to show that he was subjected to a "substantial risk of serious harm" and that Defendants were subjectively aware of the risk. Townsend argues that Defendants acted with deliberate indifference in returning him to Housing Unit 6 after he had previously been assaulted by members of the Paisas gang. But as the district court observed, evidence at trial indicated that the population within housing units is in constant flux, and indeed "a unit could change over . . . by half of the population in a month." A reasonable jury could have inferred that the threat to Townsend had dissipated before he was returned to the housing unit where he had previously been attacked or that Defendants believed the threat to have dissipated.

In addition, testimony suggested that it is "virtually impossible for groups not to intermix," and that Paisas is the largest security threat group in the Oregon Department of Corrections with members "at every facility." A reasonable jury could have inferred that Defendants, who placed Townsend in separated administrative housing between assaults, even took reasonable steps to protect him.

Because we do not find that the evidence permits only one reasonable conclusion which is contrary to the jury's verdict, we hold that the district court

3                                                                                25-147

properly denied Townsend's renewed motion for judgment as a matter of law, and that his other claims are unpersuasive.

**AFFIRMED.**